Application eor a Rehearing.
Watkins, J.
The point is made that “ two important questions were not noticed by the court:” (1) that the judgment ordering the partition did not fix the shares of the co-proprietors; (2) that the property was the separate estate of plaintiff’s father, and not that held in community betw een him and his wife.
This proposition is coupled with the averment that the judge a quo improperly refused plaintiffs a new trial on the ground assigned of newly discovered evidence to the effect that Crawford entered the land in controversy prior to his marriage; and the contention of their counsel is that if they are not allowed a new trial, for the purpose of introducing the evidence newly discovered, the evidence should be considered in determining the status of the property.
On this hypothesis the argument and insistence of plaintiff’s counsel is that — taking the property to be separate and not community— the judgment of the court a qua must be reversed and the partition sale declared an absolute nullity. For, say they, if the surviving *1268 Mrs. Orawford had no community half-interest in the property, there was a one-half interest in the property that was not represented in the partition suit and sale. That this question is jurisdictional, and the fact a fundamental, radical defect, because a judgment against an absentee can have no effect beyond the property interest of the absentee, which is before the court rendering the decree — the court possessing no jurisdiction in personam quoad hoc.
While still insisting on all the grounds assigned in the petition for the nullity of the partition suit and sale, there have not been any specific reasons assigned for a rehearing in other respects than those enumerated; and we are not, for that reason, authorized to review them.
I.
On the first proposition, that the judgment of partition did not fix the shares of the respective co-proprietors, we find the statement of our opinion to be, that “the court pronounced a judgment of partition decreeing the sale of plantation to effect a partition upon terms to be fixed by a family meeting, and ordering that a family meeting be held to recommend the terms;” and, in treating of the nullity of the appointment of a curator ad hoc to represent the absentee defendants in the suit, the opinion draws a clear distinction between the proceedings antecedent to the act of partition and the proceedings in the matter of the partition; and held that one curator ad hoc was sufficient to represent all the defendants in the former, but that “in establishing the shares of the minors in the partition who had opposite interests, special tutors must be appointed; also in forming lots in a partition in kind — for in forming the lots the minors absolutely part with an interest and become the owners of an interest.”
The conclusion is clear and irresistible that there is a marked distinction between the essential requisites of a partition suit and the proceedings in effectuating a partition, under the judgment ordering a partition. Recognizing this clear distinction, the judgment did not fix the shares of the heirs; and this is the effect of our opinion. In fact, this is the only basis of it.
II.
On the second proposition our opinion simply states, without any discussion, “that the property was owned in indivisión,” without specifying it as separate or community property.
*1269 An inspection of the record discloses no record proof as to the date or dates at which the deceased, T. S. Orawford, acquired the property in dispute, exc. pt of one tract of eighty acres, which was adjudicated to him at sheriff’s sale on the 1st of April, 1854; and, inasmuch as his marriage occurred on the 28th of December, 1854, it was evidently not an asset of the Orawford community.
With regard to the remaining three hundred and thirty acres there is no proof, except that furnished by the evidence of the widow Orawford, that her deceased husband had purchased all of the lands and made all of the improvements thereon prior to their marriage. The judge a quo did not regard that testimony sufficient to justify the annulment of the defendant’s title, derived, as it was, through a judicial partition of the property, proceedings in which had been taken on the theory that same was community. As there is only one-half interest in eighty acres affected by this ground of complaint, we are of opinion that the rule de minimis should apply — it being only ten per centum of the total amount of land claimed. We think his decision was correct.
III.
After judgment had been rendered against them, plaintiffs made an unavailing application for a new trial in order to introduce in evidence a certified abstract of land entries found in the recorder’s office, parish of Richland, showing that T. S. Orawford did enter the remaining three hundred and thirty acres of land on July 31, 1854, and September 21, 1854, respectively, to show his separate ownership. Their motion was formal, timely, and adequate in terms; but it is manifest that it does not evidence due diligence. The evidence was important, but it was as easily obtainable before trial as it was afterwards. Its rejection was not error on the part of the judge.
Rehearing refused.